NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 13 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE DE LA CRUZ SANTOS, | No.   16-72549 |
| Petitioner, | Agency No. A095-807-847 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2022[**]
Anchorage, Alaska

Before:  HURWITZ, BRESS, and H. THOMAS, Circuit Judges.

Jorge de la Cruz Santos petitions for review of a Board of Immigration

Appeals (BIA) order dismissing his appeal from the denial by an immigration

judge (IJ) of his applications for asylum, withholding of removal, and relief under

the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252 and deny the petition for review.

1. De la Cruz Santos's asylum application was untimely because it was not filed within a year of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir. 2001), *superseded by statute on other grounds as stated in Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam). The agency correctly concluded that De la Cruz Santos did not show a material change in circumstances or extraordinary circumstances excusing the delay. 8 U.S.C. § 1158(a)(2)(D); *Sumolang v. Holder*, 723 F.3d 1080, 1082–83 (9th Cir. 2013).

2. Substantial evidence supports the agency's determination that De la Cruz Santos is ineligible for withholding of removal because he did not establish a nexus between his fear of persecution and his membership in a particular social group. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a person's "desire to be free from harassment by criminals motivated by theft or random violence" has "no nexus to a protected ground").

3. De la Cruz Santos forfeited his claim for CAT relief because his opening brief did not point to any specific error in the BIA's and IJ's analysis of his CAT claim. *See Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008).

**PETITION DENIED.**